UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CAMILO BENITEZ-MEDINA, )
 )
            Movant, )
 )
       v. )  No. 4:06-CV-81-JCH
 )
UNITED STATES OF AMERICA, )
 )
            Respondent. )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Camilo Benitez-Medina to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**Background**

On October 16, 2001, movant pleaded guilty to violation of 18 U.S.C. § 846 (conspiracy to possess with intent to distribute methamphetamine). He was sentenced to 180 months imprisonment and five years of supervised release. Movant appealed, and on June 5, 2002, the Eighth Circuit Court of Appeals affirmed the judgment of conviction.

**Motion to Vacate**

Movant seeks relief from his sentence pursuant to § 2255. He argues that his conviction and sentence are invalid under the Supreme Court's decisions in <u>United States v. Booker</u>, 543 U.S. 220 (2005)(application of federal Sentencing Guideline provisions mandating that district court impose sentence based on findings of

additional facts determined by using preponderance of evidence standard violated the Sixth Amendment) and Crawford v. Washington, 541 U.S. 36 (2004) (Confrontation Clause requires opportunity to cross-examine before testimonial hearsay may be admitted against defendant).

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-

barred under 28 U.S.C. § 2255(1) and is subject to summary dismissal. At the latest, movant's one-year limitations period began to run on or about July 5, 2002. The instant motion, however, was filed on January 17, 2006, well after the running of the one-year limitations period.

Movant seems to be arguing that his motion falls under § 2255(3), which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Movant claims that the Supreme Court's decisions in Booker and Crawford each announced a new rule that is retroactively applicable to cases on collateral review and, therefore, extends the period for the filing of his § 2255 motion.

Movant's argument is without merit. The Eighth Circuit Court of Appeals has held that Booker does not apply retroactively to cases on collateral review. See Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005). Moreover, in Dodd v. United States, 125 S.Ct. 2478, 2482 (2005), the United States Supreme Court held that the one-year limitation period for filing a motion to vacate based on a right that was newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. Crawford was

3

decided on March 8, 2004; however, the instant motion was not filed until January 17, 2006.  As such, the instant action is untimely, and this Court need not address the issue of Crawford's retroactivity.

Last, movant has not asserted any facts indicating that equitable tolling applies in this case.  See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion pursuant to 28 U.S.C. § 2255 is **DENIED** as time-barred.

An appropriate order will accompany this memorandum and order.

Dated this 2nd day of February, 2006

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**